*634 EMILIO M. GARZA, Circuit Judge:
In United States v. Bird (“Bird I”) this Court held that the Freedom of Access to Clinic Entrances Act (FACE) is a valid exercise of Congress’s authority under the Commerce Clause. 124 F.3d 667, 678 (5th Cir.1997). Notwithstanding that holding, the district court in the present case held that under United States v. Morrison, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) “passage of [the FACE Act] was beyond Congress’ Commerce Clause authority.” United States v. Bird, 279 F.Supp.2d 827, 838 (S.D.Tex.2003).
We do not find that the Supreme Court’s decision in Morrison materially affects our holding in Bird I.[1] Our decision in that case is therefore binding.[2] Cf. United States v. Pettigrew, 77 F.3d 1500, 1511 n. 1 (5th Cir.1996) (“While ... one panel of this Court is generally powerless to overrule the previous decision of another panel ..., an exception to this rule arises when there has been an intervening decision by the United States Supreme Court overriding the earlier decision.”).
Accordingly, we VACATE the district court’s order and REMAND for further proceedings not inconsistent with this opinion.

. We note that this conclusion accords with the post-Morrison decisions of our sister circuits. See United States v. Gregg, 226 F.3d 253 (3d Cir.2000), cert. denied, 532 U.S. 971, 121 S.Ct. 1600, 149 L.Ed.2d 467 (2001); Norton v. Ashcroft, 298 F.3d 547 (6th Cir.2002), cert. denied, 537 U.S. 1172, 123 S.Ct. 1003, 154 L.Ed.2d 915 (2003).

. This Court's decision in Bird I involved an application of 18 U.S.C. § 248(a)(1), the subsection of FACE addressing acts of violence and intimidation. The present appeal involves an application of 18 U.S.C. § 248(a)(3), the subsection of FACE addressing destruction of and damage to property. Neither the parties nor the district court, however, suggest any variance in Commerce Clause analysis between these two subsections.